STATE OF MONTANA,
      Plaintiff,                                 NO. DC 93-140
    vs.                                      DECISION
PATRICK ARTHUR GIBSON,
      Defendant.

On February 8, 1994, the Defendant was sentenced to ten (10) years commitment to the Department of Corrections and Human Services and shall be placed in an appropriate correctional institution or program for the offense of Felony Assault. For the use of a dangerous weapon in the commission of Felony Assault, the defendant shall serve a period of two years commitment to the Department of Corrections and Human Services and shall be placed in an appropriate correctional institution or program. This sentence shall be served consecutively to that imposed for Felony Assault. The defendant is found to be a dangerous offender. Credit is given for 168 days previously served. The defendant shall not be released on parole or pre-release until he has undergone a thorough and complete mental examination which shows that the defendant does not constitute a danger to himself or others. If the defendant is released on parole or pre-release, a condition thereof shall be that he have no contact whatsoever with Angel Bullock or any member of her family.

On May 6, 1994, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded pro se. The state was represented by Deputy County Attorney Gary Balaz of Bozeman, Montana.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it if such is possible. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that there will be no changes to the sentence imposed, however, the sentence as imposed will be clarified in the following areas: (1) The dangerous designation and commitment to the Department of Corrections may be inconsistent in some respects, however, the commitment to the Department of Corrections is to take precedent. In other words, the Department of Corrections has the authority to place the defendant in any program at any time without regard to the dangerous designation. (2) The portion of the sentence which referred to the defendant not being put on parole or pre-release until he is not a danger to himself or others is clarified as follows: if parole or pre-release programs are implemented while the defendant is seriously mentally ill, such programs must be consistent with the defendant's and society's best interests.

The reason for the decision is to clarify the sentence imposed and to allow the Department of Corrections to place the defendant in a facility that is appropriate for his rehabilitation.

DATED this 6th day of May, 1994.

**Hon. G. Todd Baugh, Chairman, Hon. John Warner and Hon. Ted Lympus, Members.**

The Sentence Review Board wishes to thank Patrick Gibson for representing himself in this matter. We also wish to thank Gary Balaz, Deputy County Attorney from Bozeman, Montana, for representing the State of Montana.